[Department One. — May 11, 1883.]

WILLIAM H. CLARK, RESPONDENT, v. HANNAH M. SMITH, EXECUTRIX OF THE LAST WILL AND TESTAMENT OF HIRAM SMITH, DECEASED, APPELLANT.

SUMMONS — SERVICE — MOTION TO DISMISS. — In an action on a promissory note given by the deceased, and to foreclose a mortgage executed to secure its payment, the summons was served on the executrix by publication ten years after the commencement of the action, and the executrix thereupon moved the court to vacate the summons and dismiss the action as to her for want of diligence in its prosecution. It appeared that the deceased had conveyed the mortgaged property to another person, and was not the owner of it at the time of his death. It also appeared that a claim for the payment of the debt had been presented to the executrix in due time, and rejected by her. The court denied the motion on condition that the plaintiff file a stipulation waiving his right to a judgment

for any deficiency that might arise on a sale of the mortgaged premises. *Held,*
that under these circumstances the action of the court below should not be
disturbed

APPEAL from a judgment of the Superior Court of the city
and county of San Francisco.

There was a large number of defendants, but the only question on appeal was between the plaintiff and the executrix. As
an excuse for the delay in serving the summons, it was shown
that she had been absent from the State nearly all the time subsequent to the commencement of the action, and that her place
of abode could not be ascertained by the plaintiff.

*Stetson & Houghton,* for Appellant.

*B. S. Brooks,* for Respondent.

PER CURIAM.—Hiram Smith deceased January 17, 1870.
In his lifetime he gave to plaintiff his promissory note, and to
secure the same executed a mortgage upon certain real property.
After Smith's death plaintiff presented to Hannah M. Smith,
executrix of his estate, his claim for the payment of his mortgage debt, which she rejected, May 28, 1870. Plaintiff began
this suit to foreclose the mortgage on the 26th of August, 1870.

In the summer of 1880, on application of plaintiff, an order
was made that service of summons by publication be made upon
Hannah M. Smith, and an alias summons was then issued.
Subsequently Hannah M. Smith moved the court to dismiss the
action against her, and to vacate the alias summons, on the
ground that plaintiff had failed to prosecute the action with due
diligence.

The motion was denied, "but upon condition that the plaintiff file herein within five days after receiving notice of this
order, a stipulation waiving all claim for judgment for any
deficiency that may arise after the sale of the mortgaged premises," etc. Hannah M. Smith appeals from this order.

It is stated in the points of appellant's counsel that in his
lifetime Hiram Smith sold the mortgaged land to one B. F.
Moulton.

In his affidavit, filed by appellant on her motion to dismiss

in the court below, John W. Stewart swears that he is the sole surviving executor of B. F. Moulton, deceased, and that " said B. F. Moulton was, at the time of his death, the owner of the land in the complaint described, having acquired the same by purchase from Hiram Smith," etc. Appellant on said motion also filed the affidavit of James F. Cossett, who swears therein that he was appointed by the Probate Court one of the appraisers of the estate of B. F. Moulton, deceased, that the premises described in the complaint were included in the inventory of the estate of Moulton.

It thus appears that the appellant has become merely a nominal defendant. The order of the court below by its terms limits the plaintiff to a collection of his mortgage debt out of the land mortgaged, the title to which, by appellant's own showing, had passed to Moulton in the lifetime of Hiram Smith. Under the circumstances, even if we would have otherwise been inclined to interfere with the discretion of the Superior Court, we decline to reverse an order which sufficiently protects the estate of Hiram Smith and his heirs.

Judgment affirmed.